# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 CR 763 | **DATE** | 2/25/2004 |
| **CASE TITLE** | USA vs. EDWARD DRYG | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Dryg's motion for modification of the terms of his supervised release is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | FEB 2 6 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | 64 |
| TBK | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |



DOCKETED
FEB 2 6 2004

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 99 CR 763 |
| ) | Paul E. Plunkett, Senior Judge |
| EDWARD DRYG, ) | |
| ) | |
| Respondent. ) | |

### MEMORANDUM OPINION AND ORDER

The case is before the Court on Edward Dryg's motion to modify the terms of his supervised release. For the reasons set forth below, the motion is denied.

### Background

On September 12, 2000, Edward Dryg pleaded guilty to violating 18 U.S.C. § 2423(b), which prohibits traveling in interstate commerce for the purpose of engaging in a sex act with a person under the age of eighteen. As part of plea, Dryg agreed to participate in professional counseling "as ordered by the Court." (9/12/00 Plea Agreement ¶ 17.) On November 16, 2000, the Court sentenced Dryg to forty-one months in prison and three years of supervised release with the condition that Dryg receive counseling. (11/16/00 Sentencing Order at 2-3.)

64

Dryg was released from prison on October 9, 2002. (Mot. at 2.) On October 25, 2002, Dryg's probation officer enrolled him in a mental health program provided by the Pathways Society in Santa Clara, California. (Id.) Pursuant to that program, Dryg was ordered to meet a clinical psychologist once a week. (Id. at 2-3.) Dryg attended these weekly sessions, free of charge, for over a year. (Id. at 3.)

On January 5, 2004, Dryg's probation officer ordered him to attend a different mental health program provided by a new contractor at a cost to Dryg of $40.00 per month. (Id.) Dryg contends that requiring him to attend, and pay for, the new program violates his plea agreement and asks the Court to order the Probation Department to return him to the original no-charge program or remove the counseling condition from the terms of his supervised release.

## Discussion

Dryg contends that the change in mental health program ordered by his probation officer violates his plea agreement because the agreement: (1) requires him to "participate in only one mental health program"; and (2) requires the government to pick up the tab. (Mot. at 3.) In reality, however, the plea agreement says no such thing. In fact, the agreement leaves the parameters of Dryg's mental health counseling entirely to the discretion of the Court: "The parties shall ask the Court to impose professional counseling as part of defendant's sentence. The defendant agrees to participate in professional counseling as ordered by the Court." (9/12/00 Plea Agreement ¶ 17.)

On November 16, 2000, the Court sentenced Dryg to forty-one months in prison and three years of supervised release "with the condition that defendant participate in a mental health program at the direction of the U.S. Probation Department." (11/16/00 Sentencing Order at 3.) As the author

of that order, the Court "is in the best position to interpret it[]," and our interpretation will not be set aside unless it constitutes an abuse of discretion. In re Chicago, Rock Island & Pacific R.R. Co., 865 F.2d 807, 810 (7th Cir. 1988).

Neither the change in Dryg's mental health program nor the requirement that he bear some of the expense violates the Court's sentencing order. That order does not specify the type or duration of counseling Dryg is to receive or who shall pay for it. Rather, it gives the Probation Department broad discretion to determine the details of Dryg's treatment. Though it is conceivable that the Probation Department could abuse that discretion, Dryg's motion offers no evidence of such abuse. Dryg does not, for example, contend that the new counseling program is unrelated to his crime or that the monthly fee is excessive or is otherwise beyond his ability to pay. Because the Probation Department's decision to place Dryg in a new mental health program that charges a nominal fee does not violate the Court's sentencing order, we have no basis for disturbing that decision.

Even if the Probation Department's decision does not violate the Court's order, Dryg contends that the counseling condition of his supervised release should be removed pursuant to 18 U.S.C. § 3583.[1] That statute permits the Court to modify the conditions of supervised release if it is warranted after consideration of the following factors: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant;" (2) "the need for the sentence imposed ... to afford adequate deterrence to criminal conduct"; (3) "the need for the sentence imposed ... to protect the public from further crimes of the defendant"; (4) "the need for the sentence imposed ... to provide the defendant with needed educational or vocational training, medical care, or other

---

[1]Dryg actually relies on 18 U.S.C. § 3563(c), but that statute pertains to conditions of probation, not supervised release.

correctional treatment in the most effective manner"; (5) "the kinds of sentence and the sentencing range established for . . . the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines issued by the Sentencing Commission . . . that . . . are in effect on the date the defendant is sentenced"; (6) "any pertinent policy statement . . . issued by the Sentencing Commission . . . that . . . is in effect on the date the defendant is sentenced"; (7) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct" and (8) "the need to provide restitution to any victims of the offense." 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), (a)(7), 3583(c), (e)(2).

A review of the statutory factors establishes that the requested modification is not warranted in this case. Dryg was convicted of traveling in interstate commerce for the purpose of engaging in a sex act with a person under eighteen years of age. Dryg does not claim that the inclusion of counseling as a condition of supervised release is disproportionate to his offense or to those given to similarly situated offenders. In addition, the fact that Dryg, a man in his fifties, admits to trolling the Internet for underage sex partners, traveled across state lines more than once to meet minors for sex, yet denies that he has a "mental disorder" or is a "threat to society" demonstrates the necessity of counseling. (Mot. at 4, 6.) Moreover, to the extent counseling has any positive impact on Dryg's behavior, it serves both to protect the public and to deter Dryg from further criminal activity. In short, after considering the pertinent factors, the Court finds that removal of counseling as a condition of Dryg's supervised release is not in the interests of justice.

## Conclusion

For the reasons set forth above, Dryg's motion for modification of the terms of his supervised release is denied.

**ENTER:**

_____
**UNITED STATES DISTRICT JUDGE
PAUL E. PLUNKETT**

DATED: February 25, 2004